FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 12 1999

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIE MAE YOUNG, | * | |
| Plaintiff | * | |
| | * | NO. LR-C-97-0035 |
| VS. | * | |
| | * | |
| THE CITY OF LITTLE ROCK, et al., | * | |
| Defendants | * | |

## JUDGMENT ON JURY VERDICT

This action came on for trial June 14, 1999, before the Court and a Jury, the Honorable Susan Webber Wright, United States District Judge presiding. The issues having been duly tried, and after deliberating thereon, the jury returned a verdict on June 16, 1999 in favor of the plaintiff.

IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED that the plaintiff, Willie Mae Young, have and recover of and from the defendant, the City of Little Rock, the sum of $68,333.33[1] for damages, together with interest from this date until paid at the rate of 5.163%

---

[1] The jury awarded damages for two separate periods of time. The first period includes the time Young spent in a holding cell at the Little Rock Municipal Courthouse, after a judge ordered her release. The jury assessed Young's damages for the first period at $35,000. The second period includes the time Young spent at the Pulaski County Regional Detention Facility. The jury assessed Young's damages for the second period at $65,000.
   Pulaski County, originally named as a defendant in this matter, settled with Young before trial. The City moved that Young's award for the second period be reduced by the amount paid by the County. Additionally, Young's attorney filed a motion requesting entry of a judgment, taking account of the settlement [docket no. 117]. Arkansas has adopted the Uniform Contribution Among Joint Tortfeasors Act provision that provides a settlement with one tortfeasor reduces the claim against another tortfeasor "in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid." Ark. Code. Ann. 16-61-204. Accordingly, the Court agrees that the award should be reduced by the amount plaintiff received from her settlement with the city.
   Young and the County settled for a total amount of $47,500.00, but Young received only

1

per annum as provided by law, and her costs.

IT IS FURTHER ORDERED that the complaint against the John Doe defendant is hereby dismissed.

IT IS SO ORDERED THIS 12th DAY OF JULY, 1999

_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT

THIS DOCUMENT ENTERED ON DOCKET SHEET IN COMPLIANCE WITH RULE 58 AND/OR 79(a) FRCP ON 7-12-99 BY _____

---

$31,666.67, after deduction of her attorney's fee. Under 42 U.S.C. § 1988(b), this Court has discretion to award attorney fees to a prevailing party in an action brought to enforce 42 U.S.C. § 1983. This being such a case, the Court will offset Young's award by $ 31,666.67–the amount she actually received in her settlement with the County.

2

```
               F I L E   C O P Y
                                                    jad
            UNITED STATES DISTRICT COURT
              Eastern District of Arkansas
            U.S. Post Office & Court House
              600 West Capitol, Suite 402
            Little Rock, Arkansas 72201-3325


                     July 12, 1999



        * * MAILING CERTIFICATE OF CLERK * *


Re:  4:97-cv-00035.


True and correct copies of the attached were mailed by the clerk to the
following:

      Cynthia Sweets Dawson, Esq.
      Little Rock City Attorney's Office
      500 West Markham Street
      Room 310
      Little Rock, AR   72201-1496

      William C. Mann III, Esq.
      Little Rock City Attorney's Office
      500 West Markham Street
      Room 310
      Little Rock, AR   72201-1496

      Robert Peter Pressman, Esq.
      Attorney at Law
      22 Locust Avenue
      Lexington, MA   02421

      John W. Walker, Esq.
      John W. Walker, P.A.
      1723 Broadway
      Little Rock, AR   72206-1220

      cc: Press/Post


                                        James W. McCormack, Clerk

Date:    7-12-99                        BY:  (signature)
```