FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 15 1999

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIE MAE YOUNG, | * | |
| Plaintiff | * | |
| | * | NO: LR-C-97-0035 |
| VS. | * | |
| | * | |
| THE CITY OF LITTLE ROCK, et al., | * | |
| Defendants | * | |

## ORDER

After prevailing at trial, plaintiff Willie Mae Young (Young) filed a motion for attorney's fees and costs, pursuant to 42 U.S.C. § 1988, seeking $89,465.33 in attorney's fees and $2,191.25 in costs [docket no. 126].[1] Separate defendant, the City of Little Rock (City), responded [docket no. 136], and Young replied to the City's response [docket no. 137]. The matter is ready for decision, and after careful consideration, the Court determines Young's motion should be granted in part and denied in part.

### I. Background

Young sued the City, City employees in their individual capacities, and Pulaski County (County), claiming the defendants arrested, detained, and searched her in violation of the United States Constitution. She alleged the defendants unlawfully searched and detained her during two periods--before and after a probable cause hearing in which a judge ordered her release. The Court dismissed claims against the defendants sued in their individual capacities and claims against the City and County involving Young's arrest and pre-hearing detention. However, the Court

---

[1] In light of 19.73 hours spent responding to the City's objections to her motion, Young increased her request for attorney's fees to $93,411.33. *See* docket no. 137, attachment E.

1



retained Young's claims against the City and County involving her post-hearing detention and search.

Young settled with the County but presented her claims against the City to a jury, which returned a verdict in her favor and awarded her $100,000.00.[2] Pursuant to a motion by the City, the Court reduced Young's jury award by the amount of her settlement proceeds from the County, less the portion of proceeds attributable to attorney's fees.[3]

## II. Discussion

### A. Attorney's Fees

Title 42 U.S.C. § 1988 provides that in federal civil rights actions "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." "[A] plaintiff 'prevails' when actual relief on the merits of [his or her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Jenkins v. Missouri*, 127 F.3d 709, 713 (8th Cir. 1997) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)).

Clearly, Young qualifies as a prevailing party, entitled to attorney's fees. In calculating her fee award, the Court will use the "lodestar" method, which entails multiplying the number of hours reasonably expended by the relevant market rate for legal services. *See Jensen v. Clarke*, 94 F.3d 1191, 1203 (8th Cir. 1996).

---

[2] Docket nos. 113 & 118.

[3] Docket no. 118.

### Reasonable Hours

Young apportions hours of work performed by her attorney, Mr. Robert Pressman, between two periods. For the first period, 11/29/96 to 11/30/98, she seeks attorney's fees for 204.38 hours. For the second period, 12/8/98 to the present, she seeks attorney's fees for 354.71 hours.[4]

Young submitted documentation itemizing the amount of time Pressman expended on specific activities related to her representation.[5] The documentation shows that Pressman spent 18.45 hours responding to the City's post-trial motions after the Court entered an Order denying the motions.[6] The City asserts these hours were unnecessary and should not be included in the lodestar amount. The Court agrees and will reduce Young's award accordingly.

With the exception of work performed responding to the City's post-trial motions, the Court finds that Pressman expended a reasonable amount of time performing the documented activities. But because Young prevailed on only a portion of her original claims, the Court must determine whether to award her fees for work expended on matters on which she did not prevail.

In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court provided the model for determining whether fees are compensable under § 1988 in cases in which the plaintiff has prevailed on some but not all claims included in a lawsuit. Under *Hensley*, if "any issues on which the plaintiff lost are unrelated to those on which he won, the unrelated issues must be treated as if

---

[4] *See* docket no. 126, attachment A (requesting fees for 334.98 hours); docket 137, attachment E (requesting fees for an additional 19.73 hours).

[5] *See* docket no. 126, exhibit 1.

[6] *See* docket no. 126, exhibit 1, page 19; docket no. 125 (Order denying the City's post-trial motions).

3

they were separate cases and no fees can be awarded. If however the claims on which the plaintiff lost are related to those on which he won, the court may award a reasonable fee." *Jenkins*, 127 F.3d at 716.

As explained in the Court's pre-trial Orders, the legal standards applicable to Young's arrest, pre-hearing detention, pre-hearing search, post-hearing detention, and post-hearing search require reviewing the specific facts surrounding each separate event.[7] The Court finds that Young's claims involving events occurring before the municipal judge ordered her release unrelated to the claims on which she prevailed: her detention and search occurring after the judge ordered her release. Thus "the hours spent on the unsuccessful claims should be excluded in considering the amount of a reasonable fee." *Hensley* at 1943.

Documents appended to Young's motion for attorney's fees do not distinguish between hours worked pursuing her successful and unsuccessful claims,[8] but in an attempt to account for work expended on her unsuccessful claims, Young requests only 30% of the hours Pressman worked from 11/29/96 to 11/30/98.[9] Young confines the 30% reduction to this period because on December 4, 1998, the Court dismissed Young's unsuccessful claims, and after that point, Pressman devoted his time to matters on which Young ultimately prevailed.

---

[7] *See* docket nos. 69 & 87.

[8] For example, Young's record of hours worked include the following:
    12-04-96    legal research and make notes on content of the complaint
    11-27-97    work on discovery
    03-16-97    work on written discovery to L. Rock defendants, set two
    06-12-97    work on dep. questions
Docket no. 126, exhibit 1.

[9] See docket no. 126, attachment A. Pressman worked a total of 681.27 hours during the first period.

The City contends Young should receive an award based on 20% of the hours claimed (instead of Young's proposed 30%), asserting that Young's documentation is "replete with block billing entries, in which a number of different activities are lumped together . . . so that it is impossible to determine how much time was allocated to each activity."[10]

While Young bears the burden to establish entitlement to an award by documenting the appropriate hours of work expended, in cases involving multiple claims, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 103 S. Ct. at 1940-1941. In *Hensley*, the Supreme Court explained, "There is no precise rule for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Hensley*, 461 U.S. at 437. In this case, the Court finds an award based on 25% of hours worked before the Court dismissed Young's unsuccessful claims to be the most equitable way to account for her limited success.[11]

The City asserts that Young received attorney's fees as part of her settlement with the County and that the Court should reduce Young's award accordingly. Young reduced the amount she would have otherwise requested by $15,933.67, the portion of Young's settlement proceeds representing attorney's fees, and the Court finds Young's adjustment to be sufficient.

---

[10] Docket no. 136, pages 6-7.

[11] Before the Court dismissed Young's unsuccessful claims, Pressman worked a total of 681.27 hours. *See* docket no. 126, exhibit 1, page 20. The Court will award an attorney's fee for 170.32 of the 681.27 hours.

Finally, the City urges that Young should not be compensated for work performed prior to Mr. Pressman being formally admitted to participate in this case. Pressman does not reside in Arkansas and is not licensed to practice as a member of the Arkansas Bar. He represented Young as her attorney of record throughout this litigation but was not formally authorized to participate until June 7, 1999, a week before trial.

The Court finds that the date on which the Court formally accepted Mr. Pressman to participate in this case has no bearing on whether Young should be awarded an attorney's fee. To deny Young the majority of what she seeks on such narrow grounds would be inequitable and contrary to the purpose of § 1988.

**Reasonable Rate**

Young requests an award based on a rate of $250 per hour for 97.08 hours worked during the immediate trial period and $200 per hour for the remaining hours. She makes several points in support of the rates she requests, including the following. First, she asserts Mr. Pressman has thirty-four years experience, with much of his work involving civil rights litigation.[12] Second, she presents results from a 1995 survey of eleven Little Rock law firms, published in *Arkansas Business*, in which eight of the firms reported charging a top rate of $200 or more per hour.[13] Third, Young notes that in 1997, this Court awarded attorney's fees for Pressman's legal services in a Title VII case, based on a rate of $200 per hour.[14] Fourth, Young asserts that the complexity of her case warrants the hourly rates she requests.

---

[12] Docket no. 126, attachment B, ¶¶ 1-3, 5-12, & 14.

[13] Docket no. 127, attachment A.

[14] Docket no. 127, attachment B.

The City asserts Young has failed to provide sufficient evidence regarding Pressman's skill and experience as a litigator and that the requested rates of $200 and $225 per hour are excessive. The City proposes that the Court base an award on the average rate listed in the 1995 *Arkansas Business* survey results: $140.23.

An attorney's fee award should be calculated using market rates, in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *McDonald v. Armontrout*, 860 F.2d 1456, 1458-59 (8th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96, 896 n.11 (1984)). Factors particularly relevant in determining a reasonable rate include the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained. *Pennsylvania v. Delaware Valley Citizens' Council*, 106 S. Ct. 3088, 3098 (1986).

Young presents ample evidence showing Pressman to be a successful litigator, with significant experience in civil rights cases. Throughout this litigation Pressman worked diligently pursuing Young's claims against the City, which involved difficult issues regarding § 1983 municipal liability. Additionally, the results Pressman achieved were significant; the jury awarded Young the entire amount she requested.

The Court determines that a rate of $200 per hour is warranted. However, the Court declines awarding an increased fee for work expended during the immediate trial period and will base its award on a single hourly rate of $200.[15]

---

[15] Young requested $225 per hour for 97.08 hours of work executed during the immediate trial period, asserting that during this period, Pressman was working alone and under considerable pressure.

**B. Costs**

Young requests an award of costs, totaling $2,191.25.[16] Among costs Young itemizes are Mr. Pressman's travel expenses. The City notes that district courts within the Eighth Circuit have held such costs to be nontaxable under 28 U.S.C. § 1920.[17] However, under § 1988, a reasonable attorney's fee award may include reasonable out-of-pocket expenses incurred by an attorney and normally charged to a fee-paying client. *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996). Further, in *Craik v. Minnesota State University Board* the Eighth Circuit held that a § 1988 fee award may include reasonable travel time billed at the same hourly rate as the lawyer's normal working time, reasoning that "counsel retained by clients who pay on a regular hourly basis customarily charge for travel time, and civil-rights counsel should be no worse off." *Craik*, 738 F.2d 348, 350 (8th Cir. 1984).

While the Court may award Young attorney's fees for Pressman's travel *time*, travel *expenses* do not constitute recoverable costs and may not be awarded as such. Because Young has not documented the time Pressman spent traveling, the Court cannot include Pressman's travel time in her attorney's fee award.

---

[16] Docket no. 126, attachment A & B.

[17] Section 1988 allows a prevailing party "a reasonable attorney's fee as part of the costs." The Supreme Court has held that unless otherwise specified by statute, the term "costs" is defined according to 28 U.S.C. § 1920. *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980).
Section 1920 permits a judge or clerk of any court of the United States to tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

Young's request for costs includes Federal Express charges, and the City argues these are not allowable costs under 28 U.S.C. § 1920. The Court agrees that Federal Express charges are not listed among the allowable items of costs set out in 28 U.S.C. § 1920, but out-of-pocket expenses for express mail are "of the kind normally charged to clients by attorneys" and should be included in Young's attorney's fee award. *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996).[18]

Finally, the City objects to Young's claim for copying costs. Young requested 10 cents per copy for 2,500 copies, and the City objected that Young failed to support her claim with adequate documentation. In reply, Young submitted documentation supporting costs for 2,133 copies, for which the Court will award costs at 10 cents per copy.[19] The Court finds the remaining costs documented in Young's motion were reasonably expended.

### III. CONCLUSION

THEREFORE, upon consideration of the plaintiff's motion for attorney's fees and costs and supplements and responses thereto, the motion is hereby GRANTED in PART and DENIED in PART [docket no. 126].

---

[18] Young claims express mail charges for sending her amended and second amended complaint from Boston to Little Rock. *See* docket no. 126, attachment. Because these particular charges relate to Young's case as a whole, the Court will award costs based on 25% of these charges.

[19] Docket no. 137, attachment D. The Court computes Young's copying costs as follows:

| | |
|---|---:|
| Documented copies relating solely to Young's successful claims against the City | 1552 |
| Documented copies relating to all claims = 2,322 x 25% | 581 |
| | 2,133 |

FURTHER, it is hereby ordered that attorney's fees be awarded to the plaintiff in the amount of $86,013.08.

| | |
|---|---:|
| 506.58 hours[20] at $200 per hour | $101,316.00 |
| Plus out-of-pocket express mail expenses | 530.75 |
| Less attorney's fees from County | (15,833.67) |
| | $86,013.08 |

FURTHER, it is hereby ordered that costs be awarded to the plaintiff in the amount of $989.80.

| | |
|---|---:|
| Filing fee | $150.00 |
| Charge for internal investigation report | 28.50 |
| Depositions (25% of total cost) | 546.25 |
| Charge for copies of criminal dockets | 51.75 |
| Copies (2,133 at 10 cents per copy) | 213.30 |
| | $989.80 |

IT IS SO ORDERED THIS 12th DAY OF NOVEMBER, 1999

CHIEF JUDGE
UNITED STATES COURT

---

[20] This total includes hours 170.32 hours expended from 11/29/96 to 11/30/98 (681.27 x 25% = 170.32) and 336.26 hours expended 12/8/98 to the present (including 19.73 hours responding to the City's response to Young's motion for attorney's fees and not including 18.45 hours spent responding to the City's post-trial motions.)